UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD GONZALEZ GONZALEZ, Plaintiff, | : : : |
| v. | : No. 2:24-cv-2296 |
| COMMISSIONER OF SOCIAL SECURITY, Defendant. | : : : |

**O P I N I O N**
Motion for Attorney's Fees, ECF No. 23 - Granted

**Joseph F. Leeson, Jr.**  July 30, 2025
**United States District Judge**

### I.   INTRODUCTION & BACKGROUND

Richard Gonzalez Gonzalez first applied for social security disability and supplemental security income benefits in September of 2011.  Following protracted litigation including numerous hearings before several different Administrative Law Judges, Gonzalez reached a favorable result.  *See* ECF No. 23-5.  Before the Court now is Plaintiff's Attorney's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b)(1).  *See* ECF No. 23.  Specifically, Plaintiff's Attorney seeks fees in the amount of $22,718.05, which represents 25% of Gonzalez's retroactive benefits consistent with their contingency fee agreement.  *See* ECF Nos. 23-3, 23-5.  The Commissioner filed a brief taking no position on the award.  *See* ECF No. 24.  For the reasons that follow, the Motion will be granted.

### II.   LEGAL STANDARD

The relevant provision of the Social Security Act provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter [i.e., Title II] who was represented before the court by an attorney, the court may

>determine and allow as part of its judgment a reasonable fee for such a representation, not in excess of 25 percent of the total of the past-due benefits

42 U.S.C. §406(b)(1).

"When the fee does not exceed the 25% threshold, the Court must still ensure that the attorney does not receive a 'windfall.'" *Kellett v. O'Malley*, No. 18-CV-4757, 2024 WL 2218920 at *2 (E.D. Pa. May 16, 2024) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)). In doing so, "the Court will consider the reasonableness of the award." *Id*. Relevant factors include but are not limited to: (1) any delay for which the attorney is responsible; (2) whether the benefits are large in comparison to the time counsel spent on the case; and (3) counsel's experience. *See Risser v. Kijakazi,* No. CV 18-4758, 2022 WL 1308512 at *2 (E.D. Pa. May 2, 2022). The Court can also factor in the inherent risk of accepting Social Security cases on a contingent basis. *See Tschudy v. Comm'r of Soc. Sec*., No. 18-3424, 2020 WL 3316403 at *1 (D.N.J. 2020) (noting risk inherent in taking cases on contingency basis when evaluating reasonableness of award).

**III.   ANALYSIS**

Here, the Court finds that the twenty-five percent attorney fee is reasonable and is not a windfall for counsel. First, there is no suggestion that any delay occurred at all in this matter. Second, the benefits sought are appropriate in comparison to the time counsel spent on the case. Plaintiff Attorney's provided a detailed log of the hours expended. *See* ECF No. 23-4. When dividing the number of hours expended into the amount requested, Counsel's hourly fee evens out to $692.41. ECF Nos. 23-4, 23-5. The Court notes that other courts have approved fees in similar and greater amounts. *See Kellett*, 2024 US Dist LEXIS 88134, at 5-6 (E.D. P.a. 2024) (finding no windfall where hourly rate was $751.48); *see also Risser*, US Dist LEXIS 78807, at 5 (E.D. P.a. 2022) (finding no windfall where hourly rate was $315.71); *Wilson v. Astrue*, 622 F.

Supp. 2d 132, 134, 137 (D. Del. 2008) (finding no windfall where hourly rate was $1,155.59). Third, there is no suggestion that representation was substandard or insufficient in any way. Counsel's firm brought a background of twenty years of experience to this matter and managed to bring to a favorable resolution a case spanning many years. Lastly, the risk of loss was considerable in relation to the four prior denials by the Defendant at the administrative level. *See Kellett*, No. 18-4757, 2024 WL 2218920 (E.D. P.a. 2024).

In sum, the Court in *Gisbrecht* provided specific situations in which representation was substandard and in which downward adjustment may be appropriate. *See Gisbrecht*, 535 U.S. at 808. These examples include cases in which there was delay on behalf of the attorney, representation was substandard, or when the fee was grossly disproportionate to the time spent on the case. *See id. (citing Rodriquez v. Bowen*, 865 F.2d 739, 746-747 (6th Cir. 1989); *Lewis v. Secretary of Health and Human Servs.*, 707 F.2d 246, 249-250 (CA6 1983)). None of these situations apply in this instance. Instead, the claimant's success here is largely due to the time, effort, and experience of his attorney. The reasonableness factors of *Gisbrecht* are satisfied and the Court attorney fees in their entirety.

## IV.   CONCLUSION

For the foregoing reasons, the Court grants the Motion for Attorney's Fees.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge